along with Ted Samsel Jones. Your Honors, in this case, the district court did something that a district court simply may not do. It declared a precedent of this Court to be invalid and refused to follow it. We're talking about the ability to pay rule of United States v. Pohl, which held that as part of a prosecution for failure to pay over withholding taxes, the government must prove a lack of ability to pay or justification on the part of the government to pay. And so, in the three decades since then, this Court has never suggested that the rule of Pohl applicable to criminal cases, that the government bears the burden of ability to pay, is improper. It has not, in any opinion, criticized the Pohl rule. How many times have we cited it and relied on it? How many times have we cited it and relied on it for the proposition that you are citing it for? Well, Your Honor, you've cited it a number of times. I think it's probably fair to say that this Court has not squarely confronted it since that time. It has had the opportunity to do that. There have been times when the government has come to this Court and said overrule Pohl, and this Court has never taken it upon itself to do so. There's, quite frankly, a circuit split on the Pohl rule. Other circuits follow it. Some other circuits have rejected it. But the fact of the matter is that when this case was tried, a fair examination of the precedence of this Court would reveal that the Pohl rule was good law and would continue to be good law until not simply a panel of this Court, but I would submit an en banc sitting of the Court where to take on the Pohl rule and decide that it should be revised or changed. Well, you have one judge who's sitting here again today who was on United States v. Gilbert. And with United States v. Gilbert, it seems to me that the defendant made the same kind of argument you're making, suggesting that somebody ought to said something about whether he willfully could pay or not. And in Gilbert, the judge ruled, and the Court was there. Gilbert contends his failure to pay was not willful because he didn't have the funds. The government, however, asserts that it presented sufficient evidence at trial that Gilbert voluntarily and intentionally paid net wages to his employee with the knowledge that the withholding taxes were not being remitted to the IRS. We agree with the government that Gilbert's act of paying wages to his employees instead of remitting the withholding taxes shows that he voluntarily and intentionally violated. Thus, we find the district court did not err. That's Gilbert. Yes. With the same thing you're arguing. No. And this judge being the presiding and the chief, maybe, at that time. Judge. So how do I get around that? Well, it's completely different, Your Honor, in this sense. In Gilbert, Gilbert was a jury trial. Apparently, Gilbert honored, Judge Jensen and Gilbert honored the Pohl rule and gave the Pohl instruction to the jury. So the only Is there anything in this record that says that? There's nothing in your opinion that says it, Your Honor. Is there any place I can find that that happened? Well. I looked and I couldn't find it. Well, let me submit this, Your Honor. If, in fact, the defendant had not requested and been given a Pohl instruction, one would assume that the issue in Pohl in Gilbert would have been the, in fact, Your Honor, the government's brief in that case, which we cited, did ask this court to hold that Pohl was not good law. The court did not do that. It went off on a sufficiency claim. But regardless of that, if the defendant in that case was saying that he was entitled to a Pohl defense and hadn't asked for a Pohl instruction, I submit this court would have said that the entire issue of the adequacy of the evidence under Pohl would have been waived. But we know this. We know that what you were dealing with in Pohl was an insufficiency claim, which is completely different in this sense. If I go into court and say I want a self-defense instruction to a court and the court says I won't give you a self-defense instruction because self-defense isn't a defense, then I bring to this Court a pure question of law as to whether there is such a defense as self-defense or, in this case, a defense such as ability to pay. If, however, the case is tried and I get my self-defense instruction and the jury convicts, and it was a jury in the Gilbert, then I come to this Court and say I want you to hold as a matter of law not only that I was entitled to a Pohl defense, but that my evidence below was sufficient to establish a Pohl defense as a matter of law. And this Court turns to me and says, wait a minute. Under Jackson v. Virginia, you lose if any reasonable jury could possibly find enough evidence to confirm. So your argument basically is, which is the only one that I could get to, that the court in Gilbert was talking about a sufficiency rather than the instruction at all. Your Honor, if you look at the heading there. I saw the heading. It says. But that doesn't necessarily tell me that that's exactly what happened. And I couldn't find the instruction. So my worry was that what this Court was saying, again, was that in the case where the judge would believe that there was sufficient assets to pay, but they just paid them someplace else, they needed not give the instruction. Well, Your Honor, if the court meant to say that, it certainly didn't say that. And, Your Honor, the government did in Gilbert, and we do cite to the brief, argue that there should be no Pohl rule. And this Court, given the opportunity to consider the validity of Pohl and its continuing validity, decided on the insufficiency basis. Let's not try to parse Gilbert too much here. Let me just understand. I'm trying to understand your position as a matter of common sense. I hope I'm able to explain it on that basis, Your Honor. Okay. Your client did not pay over the taxes? He did not. He paid over two-thirds of the taxes owed. But a third of it he did. But he consistently failed to meet his obligation to pay them all over while reporting that obligation consistently to the government. And he reported it, but he didn't pay. Now, he used the money for something? He consistently said to the government, I can pay some of this, but my nursing homes are going to go under. I'm not going to be able to take care of my patients unless I continue to pay bills. So he paid the bills instead of paying the taxes? Yes. And his position is that he did not willfully fail to pay the taxes? Well, Your Honor ---- Is that ---- No. No. Okay. So what is ---- His position is that he had a valid defense that the jury should have considered as a matter of fact, as they did in Gilbert, as opposed to here, having been excluded as a matter of law, that the jury should have heard the evidence as to why he was not paying enough money each time. And, frankly, if the jury had heard the evidence ---- Didn't he hear that? The jury heard that evidence, didn't they? No. No. The judge largely excluded it. The judge said, hey, ability to pay is not a defense. I'm not going to instruct on it, and I'm not ---- No, I understand that. But he was ---- the jury heard that he had used the money to pay his expenses of his nursing. They heard some of that evidence, and at other times the judge would say, wait a minute, that goes to ability to pay, I'm going to cut off the examination. Okay. So the instruction that you want would say the jury should have been told that he has to ---- I'm ---- The instruction that was requested is the verbatim instruction that was given in Pohl, and in fact is the instruction that was given by Judge Wilken the first time this case was tried.  Just read it. The instruction is Pohl says that the ---- we believe that to establish willfulness the government must establish beyond a reasonable doubt that at the time payment was due the taxpayer possessed sufficient funds to enable him to meet his obligation or that the lack of sufficient funds on such date was created by or was the result of a voluntary and intentional act without justification in view of all of the financial circumstances of the taxpayer. That has been the standard instruction given in these cases and which was given by Judge Wilken the first time this case was tried. And that is the instruction that was asked the second time under Pohl and the trial judge said Pohl is no longer good law, I'm not going to give it. And no one could quarrel with the Ninth Circuit's ability in an en banc opinion to overrule the Pohl decision. Other courts have taken that view, but a district court can't do it. So if you had had that instruction, you would have argued to the jury that he did not ---- he had a defense because he refused to pay his obligation to the government in order to pay some other expense. That's right. We would have ---- the defense would have argued that the ---- that there was a lack of sufficient funds on the date and it was created and the lack of sufficiency was not created by, quote, a voluntary and intentional act without justification in view of all the financial circumstances of the taxpayer. This is a case where the defense would have stood up and said the man paid millions of dollars in taxes. He frequently, literally couldn't get people to take the bedpans out from under the people in the nursing homes unless he paid their salaries. The government in this case at times actually gave him back money he paid because they were afraid of, you know, malfeasance in the nursing homes. And it would have been a jury question. If the jury had convicted him, we would not be here to argue about anything. It's the fact that he didn't get to make that argument to a jury, as Pohl would have at least allowed him the opportunity to make it, that is the essence of our claim. The government's position is that somehow this Court could declare Pohl ineligible invalid without going en banc because it was effectively overturned by Pomponio. But Pomponio dealt with a different issue of willfulness. Pomponio said the Ninth Circuit is right in the Hawk decision when it said evil motive isn't a part of willfulness. In fact, Pohl said before Pomponio said we agree with Hawk. We said Hawk says evil motive isn't a part of willfulness. We're on the same all fours with Hawk. So when the Supreme Court says that Pohl was right and Hawk was right by saying evil motive isn't a part of the definition of willfulness, it in no way suggests that the Pohl decision, which was on the ability to pay prong, is incorrect. And that is why in 30 years this Court has not declared Pohl to be incorrect. I would point out that when the United States Congress, and I think this is an important point, in 1992 is passing the Child Protection Act, it says we want a willfulness element here, and we want an ability to pay defense in these child cases where, you know, alimony hasn't been paid. We want this law to incorporate in the Pohl principle, and it cites Pohl. So the United States Congress in 1992 believes that this Court's decision in Pohl is correct. And the significance of this to Mr. Easterday, as opposed to the larger issue, is this. Under the rule of lenity, and the Supreme Court came down with two cases last week on it, Cuellar and Santos, if there's an ambiguity about whether they're what the law means, the tie goes to the defendant. If the United States Congress in 1992 believed that there was a Pohl defense, and Mr. Easterday is entitled to say his perception of the statute is reasonable and under the rule of lenity, he has to be given that defense, if this Court decides to take Pohl en banc and overrule it, it will only have future application, because it will, for the first time, said that this defense doesn't exist, and under Carmel v. Texas, it will have eliminated a defense that previously existed. And once it does that, it can bind courts in the future, but not retroactively. So I submit to this Court that it has never withdrawn Pohl. It has never overruled Pohl. Obviously, an en banc panel would have the power to do that. But if it were to do that, it could not do it retroactively as to Mr. Easterday. So the proper result in this case for this panel is to reverse Mr. Easterday's conviction. It could reverse Mr. Easterday's conviction on the basis of Pohl and submit that the case should go en banc on the question of the validity of the Pohl rule. But if eventually an en banc panel were to overturn Pohl, the result in this case of a reversal of Mr. Easterday's conviction and a remand for a new trial under the law that existed at the time of these alleged defenses would be in order, so that he could present the defense. If he loses, he loses. He's convicted. He suffers the consequences. Thank you. I'll reserve any time I have left for rebuttal. May it please the Court. Counsel Gregory Davis for the United States. There's no other way to say it than Gilbert controls. The language in Gilbert is plain. When there is evidence that the defendant pays net wages to employees, which is undisputed here, transcript page 500, that's sufficient evidence that he has violated, he has willfully violated 7202. End of story. My question about that, Counsel, and I didn't mean to interrupt you in midstream. That's okay. Gilbert case is, again, a three-judge panel. Correct. Pohl, that's a three-judge panel. Correct. And my worry, and I did a lot of research to try to figure out, because I have a great deal of respect for my cohort sitting right here, my worry that the whole thing is that was the situation directly presented to them? Because I can't find any place in Gilbert where it says that Pohl's overruled, and they wouldn't have overruled it. So it doesn't seem to me we're really talking about a jury instruction. Well, they didn't have to overrule it because the Supreme Court did it for them in Pomponio. They just needed to recognize it was overruled. Let's go to that, and then let's go to that issue, because how do you explain that wasn't even the same kind of a situation, Pomponio, to this, to the Pohl situation? Not even the same kind of a tax, not even the same kind of a statute. Correct. So how do I apply that to Pohl? Well, Pomponio basically was discussing some of the extraneous language in Bishop, and Bishop is really, Bishop and Sansone are the primary underpinnings for the Pohl case. In the Pomponio case, the Court said at 429 U.S. 12, our references to other formulations of the standard, such as bad faith or evil intent or evil motive and want of justification in view of all the financial circumstances of the taxpayer, or knowledge that the taxpayer should have reported more income than he did, did not modify the standard set forth in the first sentence of the quoted paragraph, which, sorry, that doesn't That's not very helpful, is it? No. On the contrary, as other courts of appeals have considered the question, that have considered the question have recognized, willfulness in this context simply means a voluntarily intentional violation of a known legal duty. But that's the big question. You've got the very, I mean, you finally got to the very language I focused in on. In this context, and what we're talking about is a totally different statute, a totally different situation. We're not talking about Pohl. We're talking about in the context of the statute in which they had in front of them, which was willfully filing false income tax returns. Then if you look at Cheek, Cheek sort of explains that in the context of the criminal tax statutes, which is 7202 is one of the criminal tax statutes. Still, the definition is a voluntarily intentional violation. Where in Cheek does it say that, and I looked at Cheek, too, so I'm there. Give me the language that says that that meant that Pomponio was to overrule Pohl. What language in there says that? Where do I go? What do I cite if I'm going to write this opinion? What language in Cheek? I didn't find any language in Cheek that talked about that. Not directly Pohl. Well, I'm not even the statutory complex of Pohl. Well, the statutory complex, there is no requirement under the statute, the plain language of the statute, that permits or that requires the government to prove the defendant had the ability to pay the taxes due when they were owed. That's gloss that's been imposed by the courts. However, we're talking about a different situation here. We're not talking about failure to file your own income tax. We're not talking about those kind of situations. We're talking about collecting money from others to pay the tax and having the ability to pay it. And our court, I wasn't on that three-judge panel. I may not have been very old. I wouldn't have been. You wouldn't have been old at all. But that panel said, hey, you've got to give them a chance to say the reason we couldn't pay it is because we couldn't afford to pay it. Now, I don't know that I'd even agree with that. But that's what they said. And this jury didn't get a chance to hear that. Didn't get the chance for the government to have to prove without, as they had to prove with on the standard of relief, this is what you've got to prove with them presenting all the evidence they wanted to to suggest the government was wrong. I mean, there was evidence presented. But they didn't get to present all the evidence they wanted to even. The judge threw out some of the evidence based on the same idea. Correct. And also the cumulative nature of some of the evidence. Well, it might have been cumulative, but that's not here. I can't even talk about cumulative. He said not at all. Then he let some in. All I can do, again, is to point you to the language in Cheek, which generally discusses the criminal tax statutes, of which 7202 is one. Well, show me that language. I'd like to see it, because I looked at Cheek pretty carefully. I read it this morning, but I couldn't print it out for my hotel room, unfortunately. All right. And I've still got to look at it. I'm afraid so, Your Honor. I would like to be more helpful. But just going back to Pompone, well, discussing briefly Congress's reference to the language in Pohl in the Child Support Recovery Act, Congress was citing it for this is the standard review that we want to apply in the context of the Child Support Recovery Act. Whether or not Pohl was still good law at that time was completely irrelevant. They just wanted it for the particular language, so I don't think the fact that a House  I'd like to go back to Pompone. Just it's fairly clear in Pompone that the Court was basically saying that Bishop's language regarding the requirement of bad faith or evil motive, or evil motive and want of justification in view of all the financial circumstances of the taxpayer, that was the basis for both Andros and Pohl. That's what they relied on for finding that there was this requirement of the government to disprove the ability to pay. When Pompone basically said, no, those aren't extra requirements, the requirement is just a voluntarily and intentional violation of a known legal duty, the Supreme Court essentially pulled out all the underpinnings on which Pohl and Andros were relying. And with no underpinnings, they can't have any effect. You're not buying, are you? I understand. He's not buying. To be fair, I'm not. I have to be sure. I have to be. I mean, if I had, if you could get me out of the language in there that says in this context, that's exactly what it's talking about. As it relates to the filing of false returns yourself. And I read that 40 times, well, 40. At least I read it so that I could bring it here. But ask me about it, right? And so all I'm saying to you is, I've got to find a way to suggest that it applies to the statute we have in front of us. And we had the same kind of statutes in front of us when Pohl was decided. The same kind. And they didn't analyze them under the same rationale. One, the intentional filing of fraudulent tax returns is a totally different rationale, even under our own case law, as it relates to that kind of stuff than it did into the case law that relates to the one we're talking about here. We're talking about the same kind of stuff. Well, Pohl relied on Andros. Andros was a 7203 willful payer-to-pay count. So the fact that in Pomponio and in Cheek, the cases involve something it's not a Pomponio and Cheek are not employer tax cases. That's correct. So but when Pomponio and Cheek basically said that Andros was wrong, then what when this Court relied on Andros, it's relying on something that isn't valid law under Supreme Court precedent. Now, of course, the Pohl came before Andros came before Pomponio and Cheek. But Pomponio and Cheek basically say that there is no longer this requirement of bad faith or evil motive or evil intent, evil motive in want of justification. So I think basically Pohl relied on something that isn't good law. So Pohl's underpinnings, even considering the fact that it's a 7203. Well, I mean, we've been accused of doing that a lot, but we're bound by it. I would have thought the way I read Pohl, which is not what you're arguing, so I, was that he was entitled to put in evidence that he didn't pay it when it was due, but that he intended, because he had other problems, but he intended to pay it later, and that therefore it wasn't willful. And I didn't see that that was necessarily present in this case, but I take it you're not arguing that. We're not arguing that. As you said, it's not really present in this case. It's a different case, a different argument. To the extent that it would cause you to affirm, we'll happily accept it, however. I'm not about to look a gift horse in the mouth. See, I'm just, I just don't, our, the reliant, the discussion of Pohl and Gilbert, it seems to me, is not necessarily on point. I just don't know what you make of the fact that we've never, we don't, we don't use Pohl this way, have we? Pohl, no. This Court has not cited Pohl since, for this purpose, since 1975. It's clearly not something that, the circuit split, I think, is a 1982 case and a 1970, a mid-1970s case. This is not something that's been before courts very often and certainly not very recently. Well, the problem really you have is that one can suggest that a judge can make the determination that one, that the defendant had the opportunity to pay and didn't pay or didn't have the opportunity to pay because they didn't have the money. But that really is not, if you're going to follow Pohl to the end, Pohl would suggest that the jury makes that determination, the judge doesn't, that the government has the burden so that then the defendant has the chance to present evidence to offset what the government's burden is. And in this particular instance, one could argue that there was plenty of evidence there to meet, so for you to meet your burden. But that still did not give the defendant the chance to have the jury instruction, which is the jury instruction which would say it's your job to prove it. Isn't that true? Well, following your logic, yes. But, of course, I don't accept the premise. Well, I understand you're saying Pomponio undoes the whole thing. But the problem is, is that we really can't suggest that Gilbert or any other case like it about sufficiency of evidence can undo what Pohl did. We've got to have a Pomponio or something like that in order to get there. Which is why Pomponio does it. All right. Okay. If the Court has no further questions, I think we'll see if there's anything to say. No, I have nothing else unless the Court has questions. Thank you. Thank you. In less than two minutes, Your Honor, Your Honors, one, Hawke said the Ninth Circuit rejects this evil motive language. Pohl said we embrace Hawke. The Ninth Circuit rejects the evil motive language. Pomponio said the Ninth Circuit is right. There is no evil motive language. How can Pomponio overrule Pohl when they are in complete agreement on that point and Pomponio, as the Court has pointed out, doesn't have one word about the ability to pay defense? Number two, if you look at the language on page 20 where the United States Congress says that the law of the Federal courts on ability to pay, drawn from Pohl, is such and such, that is, the government must establish beyond a reasonable doubt that at the time of the payment was due, et cetera, et cetera, that is the jury instruction that was requested in this case. Assuming Pohl is good law, was there a factual basis, a foundation for giving a Pohl instruction in this case where it was undisputed that Mr. Easterday intentionally paid the claims of other creditors or paid into his companies instead of paying trust fund taxes? I welcome this question for this reason, Your Honor, and I think this addresses Judge Schroeder's question as well. The district court in this case ruled prior to trial that it would not give a Pohl instruction. In a situation where a judge rules prior to trial that no matter what the heck happens at trial, you're not getting a Pohl instruction, it is impossible for any court to say. The reason he gave? Pohl is no good. Pohl is bad law. So if a judge says you ain't getting that defense because there's no such defense, no one can possibly say, oh, but we're looking at the trial record and we don't find evidence sufficient to bear, to support it. If he had said, I'm going to give or not give Pohl based on the adequacy of your showing at trial, you take your best shot on the evidence. Aren't you trying to make a record to appeal to? Hmm? Oh, sure. Sure. They made constant offers of proof, and sometimes the judge let some evidence in, and sometimes it didn't. But remember this. The way Pohl states this, this is an affirmative element of the offense. Under neither, if a court takes an element of the offense completely away from the jury before the trial starts, how can any court find that the government would have met its burden of proof beyond a reasonable doubt? The real question is what evidence would the government have been forced to put on and how would the defense have been played in it? What we're talking about here is taking away from a defendant his right to a jury trial. It's not that Pohl held that the evidence was relevant and admissible to refute willfulness. But the Pohl instruction, and you'll see it in the United States Congress's recitation of it, is that the government must prove beyond a reasonable doubt. It does not state that it's an affirmative defense. Willfulness. Hmm? No, no. But the language in Congress is the same as the language in Pohl. It places on the government the burden of proving beyond a reasonable doubt an ability to pay, and that's quoted at page 20. One final thought, Your Honors. Even if you could tease out a conflict between Gilbert and Pohl, despite the fact that Gilbert does not even mention Pohl when it rules evidence insufficient, under the rules of this Court, this panel would have to honor the earlier precedent and call for an en banc review. And in a situation in which the government has recently, in 2005, said in one of its briefs in United States v. Kramer at page 1, to establish a willful failure to pay under 1702, the government must prove, among other things, that the defendant had sufficient funds to substantially meet his tax obligation. It would be simply unfair if the Department of Justice believes that in 2005 to say that that is not a defense to crimes charged years before that. Thank you very much. Thank you. It's just argued it's submitted for decision.
judges: Schroeder, Smith, Fairbank